F. Oliver & Co., S. en C., Demandantes y Apelados, *v.* Diez & Pérez, S. en C., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios por incumplimiento de contrato.

No. 2078.—Resuelto en junio 30, 1920.

Incumplimiento de Contrato—Pérdidas de Mercaderías por Caso Fortuito—Compraventa.—En el presente caso *se resolvió:* que la circunstancia de que las existencias de café que el demandado tenía en sus almacenes hubieran sido destruídas por fuerza mayor, no lo relevaba de su obligación de entregar al demandante en la fecha convenida los 300 quintales de café objeto de la compraventa, pues en tales casos es de aplicación el número 1 del artículo 334 del Código de Comercio y no los artículos 1072 y 1150 del Código Civil invocados por el demandado apelante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *Hugh R. Francis.*

Abogados de los apelados: *Sres. López de Tord, & Zayas y Pizarro.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Los demandantes establecieron una acción por daños y perjuicios contra los demandados por no haber éstos verificado la entrega de cierto café que les compraron.

Los hechos como fueron declarados probados por la corte sentenciadora son los siguientes:

"El día 4 de octubre del corriente año de 1918 la sociedad demandante por medio de telégrafo, hizo una oferta a la sociedad demandada de comprarle 300 quintales de café, cáscara sana y limpia, para entregar el 15 de noviembre de 1918 y al precio de $14.25 por cada quintal.

"Que los Sres. Diez & Pérez, S. en C., aceptaron por carta que escribieron a la demandante el día siguiente la mencionada oferta, carta que recibió el demandante dentro del curso natural y ordinario del correo.

"Que la sociedad demandada no ha entregado el café vendido al demandante, en el día 15 de noviembre de 1918, que era el día de la entrega, ni en fecha posterior.

"También se ha probado que: el precio del café de la clase estipulada en el contrato, en la fecha de 15 de noviembre de 1918, que era el día que debía ser entregado por la vendedora a la compradora, era alrededor de $17 y, por consiguiente, los perjuicios sufridos por la demandante por incumplimiento del contrato son la diferencia entre el precio de compra y el precio que tenía el café en la fecha en que debió ser entregado; y la diferencia asciende a la suma de $825.

"Por otra parte aparece probado que: en octubre 11 y octubre 24 de 1918, hubo fuertes terremotos que causaron grandes perjuicios de propiedad en el pueblo de Añasco, y además en los meses de octubre y noviembre del mismo año, hubo la epidemia llamada "influenza española;" y en la época de los terremotos hubo abundantes lluvias y debido al estado en que quedaron los establecimientos de la deman-

dada por el terremoto y el estado de ánimo en que se encon traban todos los habitantes de Añasco, no pudo la demandada entregar de sus existencias de café la cantidad convenida a la demandante (300 quintales).

"Pero también aparece probado por la propia declaración del testigo, Sr. José B. Pérez, único testigo de la sociedad demandada Diez y Pérez, S. en C. que: la demandada no hizo ninguna gestión por conseguir el café fuera de Añasco."

Los demandados interponen apelación contra la sentencia que les condena al pago de $825 y a las costas, desembolsos y honorarios de abogado, y alegan haberse cometidos los siguientes errores:

"1. Que la corte de distrito erró al no estimar la prueba aducida por la parte demandada en apoyo de su defensa afirmativa como suficiente para relevar a la parte demandada de la obligación de la entrega de café a que se refiere la causa de acción.

"2. Que la corte de distrito erró al estimar que hubo evidencia suficiente por parte de los demandantes para determinar el importe de los daños y perjuicios, si algunos, sufridos por la parte demandante."

El razonamiento se basa en los artículos 1072 y 1150 del Código Civil, los cuales prescriben lo siguiente:

"Art. 1072.—Fuera de los casos expresamente mencionados en la ley y de los en que así lo declare la obligación, nadie responderá de aquellos sucesos que no hubieran podido preveerse, o que previstos, fueran inevitables."

"Art. 1150.—Quedará extinguida la obligación que consista en entregar una cosa determinada, cuando ésta se perdiere o destruyere sin culpa del deudor y antes de haberse éste constituído en mora."

La carta a que el juez sentenciador hace referencia es la siguiente:

"Añasco, P. R., octubre 5, 1918.—Sres. F. Oliver & Co., Playa de Ponce, P. R.—Muy señores y amigos nuestros:—Anteayer a horas tarde de la noche nos favoreció su telegrama ofreciéndonos por 300 quintales de café a $14.00, entrega hasta fines de marzo. Ayer

mañana les contestamos así: 'Cederíamos los 300 quintales condiciones de costumbre café sano y limpio a $14.75 entrega a noviembre 15,' recibiendo anoche su contestación que dice: 'Aceptaríamos como máximo $14.25 por 300 quintales cáscara sana y limpia nuestras condiciones y entrega indicada.' Acabamos de telegrafiarles como sigue: 'Aceptamos su oferta condiciones indicadas.' Lo celebramos,' confirmando en todas sus partes ese contenido. A pesar de que aquí, debido a lo poco que queda, el mercado local está fuerte, hemos procurado llegar a un entendido en esta operación, confiando que en otra podrán Vds. darnos alguna ventaja.—Sin otro particular por el momento, quedamos a sus órdenes, sus atentos amigos y S. S.— (Fdo.)Diez & Pérez, S. en C.''

La prueba de la defensa meramente establecía los hechos del terremoto y la epidemia de la "influenza española," la destrucción parcial del almacén empleado por los demandados para secar y almacenar café, la dificultad en encontrar trabajo, y la consiguiente imposibilidad por parte de los demandados ya para continuar su negocio de comprar y secar café verde o (por razón de pérdidas económicas sufridas) para comprar en el mercado público café que ya estuviere seco. Que no se hizo esfuerzo alguno por procurar tal café en el mercado público y entregarlo y que la cantidad exigida pudo haberse obtenido sin dificultad de haberse dispuesto de los fondos necesarios, fué admitido en el juicio.

El artículo 334 del Código de Comercio prescribe lo siguiente:

"Los daños y menoscabos que sufran las mercaderías, aún por caso fortuito, serán de cuenta del vendedor en los casos siguientes:

"1. Si la venta se hubiese hecho por número, peso o medida o la cosa vendida no fuera cierta y determinada, con marcas y señales que lo indiquen. * * * ''

La prueba no reveló base alguna para sostener el segundo señalamiento de error, el cual por tanto, no requiere seria consideración.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.